# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 18, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

136839

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

                                    SC: 136839
                                      COA: 275280
                                      Kent CC: 02-005046-FC

LEIGH WILLIAM KEYES,
     Defendant-Appellant.
_____/

       On order of the Court, the application for leave to appeal the May 30, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals. That court shall treat the defendant's delayed application for leave to appeal as having been filed within the deadline set forth in MCR 7.205(F) and shall decide whether to grant, deny, or order other relief, in accordance with MCR 7.205(D)(2). After the Attorney General confessed error, a federal court granted the defendant a conditional writ of *habeas corpus*, ordering the State of Michigan to both appoint counsel to represent him on appeal and "accept said appeal . . . for filing," or release him from custody. *Keyes v Renico*, 05-CV-71160-DT (2005). That order was not appealed. *Habeas corpus* decisions are binding on the parties, and the federal court retains jurisdiction to ensure compliance. *People v Frazier*, 478 Mich 231, 241-242 (2007), cert denied sub nom *Michigan v Frazier*, __ US __; 128 S Ct 712; 169 L Ed 2d 571 (2007). In this case, counsel was appointed, and the federal district court issued an order granting further time for counsel to file an application or post-judgment motion. Counsel's pleadings were filed within the time set forth in the district court's order. The defendant's application for leave to appeal must, therefore, be accepted for filing. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should now be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 18, 2008

                                 Clerk

d1211